Case 4:15-cv-02261 Document 126 Filed in TXSD on 01/13/17 Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 13, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BETTY HEARD, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2261 |
| | § | |
| AASHU L.L.C., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Partial Summary Judgment ("Motion") [Doc. # 103] filed by Plaintiffs Betty Heard, Stanley Griggs, Daisy Sanchez, and Maria Basa. Defendants Aashu L.L.C. ("Aashu"), Asif Ali ("Asif"), Aamir Ali ("Aamir"), ABZZ Corporation ("ABZZ"), and Zulfiqar Ali ("Zulfiqar") filed an early Response [Doc. # 110] and Defendants Aashu and Asif later filed a Supplemental Response [Doc. # 116] within the deadline to respond. Plaintiffs' filed a Reply [Doc. # 117], Aashu and Asif filed a Response to Plaintiff's Reply[1] [Doc. # 122], and Plaintiffs filed a Supplemental Reply [Doc. # 123]. Having reviewed the record and applicable legal authorities, the Court **grants** Plaintiffs' Motion regarding the existence of enterprise coverage under the FLSA as

---

[1] Defendants Aashu and Asif filed a Motion for Leave to Respond to Plaintiff's Reply [Doc. # 121], to which no opposition was filed. The Court **grants** the Motion for Leave to Respond.

to Defendant Aashu in 2014 and 2015, **grants** Plaintiffs' Motion regarding Plaintiffs' status as employees of Aashu and Asif Ali, **denies** Plaintiffs' Motion regarding an employer/employee relationship between Plaintiffs and Aamir Ali, ABZZ Corporation, and/or Zulfiqar Ali, **denies** Plaintiffs' Motion regarding whether they worked overtime hours, and **denies** Plaintiffs' Motion regarding willfulness and Defendants' good faith defense.

## I.   BACKGROUND

In October 2012, Avalon Cleaners began operating a dry cleaning business in Katy, Texas. Defendant Aashu owns and operates Avalon Cleaners, and Asif Ali is the sole owner of Aashu. In March 2015, Aashu acquired Century Cleaners from Defendant ABZZ Corporation, which was owned by Defendant Zulfiqar. ABZZ Corporation ceased to exist at that time, and Zulfiqar became an employee of Aashu, working as a "spotter."

Plaintiffs were employed by Avalon Cleaners in different capacities. Plaintiff Heard began her employment as a silk presser with Avalon Cleaners in May 2013. Plaintiff Griggs began working at Avalon Cleaners in August 2014 as a "spot-cleaner," but his job duties soon included sorting garments, dry cleaning, wet-washing laundry, operating the store's boiler, and opening the store and deactivating the security alarm. Plaintiff Sanchez began working for Avalon Cleaners as a shirt

presser in July 2014. Plaintiff Maria Basa began working for Avalon Cleaners as a pants presser in October 2014.

Plaintiffs allege that they each worked at Avalon Cleaners more than forty (40) hours per week. Plaintiffs filed this FLSA lawsuit, alleging that Defendants failed to pay them overtime wages for the hours they worked in excess of 40 per week. After the close of discovery, Plaintiffs filed their Motion for Partial Summary Judgment. The Motion has been fully briefed and is now ripe for decision.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp.*, 477 U.S. at 322-23; *Rodgers v. United States*, 843 F.3d 181, 190 (5th Cir. 2016); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Brandon*, 808 F.3d at 270; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015); *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006). Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable

to the nonmoving party. *See Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Salazar-Limon v. City of Houston,* 826 F.3d 272, 277 (5th Cir. 2016) (quoting *Little*, 37 F.3d at 1075). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence); *Bistany v. Reliance Standard Life Ins. Co.*, 55 F. Supp. 3d 956, 961 (S.D. Tex. 2014). Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

### III.  ANALYSIS

#### A.  Enterprise Coverage

Under the FLSA, an employee who is employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage") must receive overtime compensation for hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2)(C). An employer is subject to enterprise coverage under the FLSA if it (1) "has employees engaged in commerce or in the production of goods

for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" (the "handling" requirement) and (2) has at least $500,000 of "annual gross volume of sales made or business done." *See* 29 U.S.C. § 203(s)(1)(A); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010); *Landeros v. Fu King, Inc.*, 12 F. Supp. 2d 1020, 1023 (S.D. Tex. 2014). Defendants do not contest that the "handling" requirement for enterprise coverage is satisfied in this case.

It is undisputed that Aashu had at least $500,000 in annual gross sales in 2015. As for 2014, Plaintiffs have presented evidence from Aashu's internal accounting records that the annual gross sales exceeded $500,000. Aashu has presented its tax return for 2014, which reflects annual gross sales below $500,000. Aashu explains that a portion of the annual gross sales reflected in the accounting records represents an "environmental fee" that Aashu collects from each customer. Aashu has failed to identify the legal basis for its collection of an "environmental fee." Aashu has also failed to cite any legal authority for its position that an "environmental fee" can properly be deducted from the annual gross sales for purposes of FLSA enterprise coverage, and this Court is aware of none. As a result, the uncontroverted evidence in Aashu's internal accounting records demonstrates that its total annual gross sales

in 2015, including the "environmental fee," exceeded $500,000. Plaintiffs are entitled to summary judgment that there is FLSA enterprise coverage for Aashu.

### B.  Employee/Employer Relationship

Plaintiffs seek summary judgment that an employer-employee relationship existed between Plaintiffs and "at the very least, Defendants Aashu LLC, Asif Ali, and Aamir Ali."[2]  *See* Motion, p. 8.  Defendants Aashu and Asif Ali do not dispute that they qualify as Plaintiffs' employers for purposes of the FLSA.  Plaintiffs have not presented any evidence to indicate that ABZZ and/or Zulfiqar Ali qualify as Plaintiffs' employer.  The parties disagree regarding whether Aamir Ali was one of Plaintiffs' employers.

An "employer" under the FLSA includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit uses the "economic reality" test to determine employer status. See *Gray v. Powers*, 673 F.3d 352, 354-55 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).  To determine whether an individual or entity is a plaintiff's

---

[2]  Plaintiffs also seek summary judgment that Griggs and Basa were employees at Avalon Cleaners and not independent contractors.  Defendants do not assert in this case that Griggs and Basa were independent contractors.  *See, e.g.*, Response, p. 6 (including Griggs and Basa in list of employees); Deposition of Asif Ali, Exh. C to Motion, pp. 235-36.

employer, the Court considers "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray*, 673 F.3d at 355 (quoting *Williams*, 595 F.3d at 620). Where, as here, Plaintiffs assert that they had more than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test." *Id.* (quoting *Watson*, 909 F.2d at 1556).

Plaintiffs rely on Aashu's answer to an interrogatory in which they asked for the name of each individual who "possessed authority to take the following actions on behalf of Aashu LLC and/or Avalon Cleaners . . .." *See* Interrogatory No. 2, Exh. B to Motion. The interrogatory lists twelve activities. Aashu responded to Interrogatory No. 2 by simply listing the names "Asif Ali" and "Aamir Ali."

In opposition to summary judgment, Defendants have presented the sworn deposition testimony of Asif Ali, in which he stated under oath that Aamir Ali does not make any pay decisions on behalf of Aashu. *See* Asif Ali Depo., Exh. A to Response, p. 20. Asif testified that Aamir is a manager who "looks over everything basically. Makes sure that the quality is good. Makes sure that, if there's any customer complaints, we take care of that. Makes sure all the orders, makes sure

there's no missing garments and stuff like that. Take care of the – We also do our routes, a lot of pickups and deliveries. So he takes care of that." *See id.* at 21. Defendants have also presented the Affidavit of Aamir Ali, in which he repeatedly states under oath that he is "just an employee" of Aashu and that he is not "involved in managing the employees" of Aashu. *See* Aff. of Aamir Ali, Exh. C to Response.

Plaintiffs argue that the Court should disregard Asif Ali's deposition testimony and Aamir Ali's Affidavit because they contradict, without explanation, the answer to Interrogatory No. 2. The Court is not persuaded that the evidence is inconsistent. Interrogatory No. 2 requests the name of any individual who had authority to engage in certain activity on Aashu's behalf, followed by a list of twelve actions. The Interrogatory is unclear whether it asks for the names of individuals who have authority to take all twelve actions, or those individuals who have authority to take any of the twelve actions. One of the actions listed is "train or instruct the employees on how to perform their work." *See* Interrogatory No. 2(e). If Interrogatory No. 2 is construed as seeking the identity of any individual who has authority to perform any of the listed activities, the inclusion of Aamir Ali in the Response to Interrogatory No. 2 would be correct and consistent with the deposition testimony that he "makes sure that the quality is good" and that he takes care of "pickups and deliveries." The answer to Interrogatory No. 2 does not preclude consideration of Defendants'

evidence and does not demonstrate as a matter of law that Aamir Ali qualified as Plaintiffs' employer. Plaintiffs' Motion regarding the existence of an employer/employee relationship between Plaintiffs and Aamir Ali is denied.

### C.   Overtime Hours Worked by Plaintiffs

Plaintiffs seek summary judgment that they worked the alleged number of hours per week and that Defendants' failure to pay them overtime wages was a violation of the FLSA. In this case, it is undisputed that neither Plaintiffs nor Defendants maintained records of the hours Plaintiffs worked. Therefore, Plaintiffs' initial burden is to produce "some evidence to show the amount and extent" of the hours worked as a matter of "just and reasonable inference." *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (superseded on other grounds by 29 U.S.C. § 254(a)); *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1330 (5th Cir. 1985); *Ali v. RZS Invs., Inc.*, 2015 WL 12533093, *2 (S.D. Tex. June 3, 2015). *Martinez v. Global Fin. Servs., L.L.C.*, 2008 WL 65169, *2 (S.D. Tex. Jan. 4, 2008). The burden then shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Ali*, 2015 WL 12533093 at *2 (quoting *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009)); *see also Beliz*, 765 F.2d at 1330.

Plaintiffs testified under oath during deposition regarding the hours they worked each week. Heard testified that she regularly worked ten to twelve hours per day, six days per week. Griggs testified that he regularly began working at 7:00 a.m. and left work each day between 3:00 p.m. and 5:00 p.m. Sanchez testified that she worked ten to twelve hours per day, six days per week. Basa testified that she worked fifty-five to seventy hours per week. This testimony satisfies Plaintiffs' initial burden to produce evidence that raises a just and reasonable inference as to the number of hours they worked per week.

Defendants, however, have presented evidence that challenges Plaintiffs' testimony. Defendants have presented deposition testimony from Asif Ali that none of the Plaintiffs worked more than forty hours per week and that, indeed, they were permitted to and often did leave early if they finished their work for the day. Defendants have also presented sworn affidavits and deposition testimony from other employees at Avalon Cleaners who worked with Plaintiffs. These employees, including Francisco Javier Torres, Rachael Lopez, Veronica Barroso Hernandez, and Semma Charolia, have stated under oath that Plaintiffs did not work more than forty hours per week. All four employees have stated under oath that Heard regularly worked from 7:00 a.m. until 1:00 or 1:30 p.m. Hernandez and Charolia stated under oath that Griggs usually left work between 11:30 a.m. and noon. Charolia stated

under oath that Sanchez typically worked from 7:30 a.m. until 1:30 p.m. This evidence raises a genuine issue of material fact regarding whether Plaintiffs worked more than forty hours per week and, as a result, summary judgment on this issue is denied.

### D. **Willfulness and Good Faith**

Plaintiffs seek summary judgment that Defendants' violation of the FLSA was willful and not in good faith.[3] Because there are genuine issues of material fact regarding whether any Defendant violated the FLSA in this case, Plaintiffs are not entitled to summary judgment on these issues.

### IV. **CONCLUSION AND ORDER**

The uncontroverted evidence in the record demonstrates that there is enterprise coverage as to Defendant Aashu for both 2014 and 2015. There is no dispute that there existed an employee/employer relationship between Plaintiffs and Defendants Aashu and Asif Ali, but fact issues preclude summary judgment regarding whether Defendant Aamir Ali qualified as Plaintiffs' employer for FLSA purposes. The parties have presented evidence that raises a genuine issue of material fact regarding

---

[3] Additionally, Plaintiffs seek summary judgment on Defendants' affirmative defenses of "failure to state a claim," failure to "meet the necessary requirements for class certification," waiver, laches, estoppel, ratification, acquiescence, unclean hands, "failure to mitigate damages," and requirement to arbitrate dispute. Defendants have not opposed Plaintiffs' Motion on these affirmative defenses or otherwise pursued them and, therefore, they are deemed abandoned.

whether Plaintiffs worked overtime hours and, as a result, Plaintiffs' Motion on this issue is denied. Absent a finding that Defendants violated the FLSA, the Court does not grant summary judgment that any violation was willful and not in good faith. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 103] is **GRANTED in part and DENIED in part** as set forth herein. It is further

**ORDERED** that Defendants Aashu and Asif Ali's Motion for Leave to Respond to Plaintiffs' Reply [Doc. # 121] is **GRANTED**. It is further

**ORDERED** that the parties' Joint Pretrial Order remains due **February 16, 2017**, and docket call remains scheduled for **February 27, 2017**.

SIGNED at Houston, Texas, this **13th** day of **January, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE